**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

TERRY COOKS, JR.,
*Prisoner Identification No. 336-019*,

    Plaintiff,

    v.

FRANK B. BISHOP, JR. and
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND,

    Defendants.

Civil Action No. TDC-15-2876

**MEMORANDUM ORDER**

On September 14, 2015, Petitioner Terry Cooks, Jr., a self-represented inmate at the North Branch Correctional Institution in Cumberland, Maryland, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] Cooks seeks to collaterally attack his 2006 conviction for first-degree murder and unlawful use of a handgun. On March 29, 2016, Respondents Frank B. Bishop and the Attorney General of the State of Maryland (collectively, "Respondents") filed a Limited Answer, asserting that Cooks's Petition is time-barred under 28 U.S.C. § 2244(d) and therefore should be dismissed. On April 18, 2016, the Court issued an Order granting Cooks 28 days to submit a Reply to Respondents' Limited Answer explaining why the Petition should not be dismissed as time-barred. On April 27, 2016, Cooks filed a

---

[1] The Clerk of the Court received the Petition on September 23, 2015. The Petition, however, is dated September 14, 2015 and is deemed filed on that date. *See* R. Governing Section 2254 Cases 3(d) (stating that a "paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing"); *Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (holding that a *pro se* prisoner's notice of appeal of the dismissal of his § 2254 petition is deemed filed on the date it is delivered to prison authorities for forwarding to the district court).

Reply.  For the reasons stated below, the Court finds that Cooks's Petition is time-barred and is therefore DISMISSED.

## BACKGROUND

On January 26, 2006, following a jury trial in the Circuit Court for Anne Arundel County, Maryland, Cooks was convicted of first-degree murder and the unlawful use of a handgun.[2]  On June 6, 2006, Cooks was sentenced to life imprisonment without parole on the murder charge and a concurrent five-year sentence on the handgun charge.  Cooks noted a timely appeal of his conviction.  The Court of Special Appeals of Maryland, in an unreported opinion filed on December 5, 2007, upheld Cooks's conviction.  On March 14, 2008, the Court of Appeals of Maryland denied Cooks's Petition for Writ of Certiorari.  Cooks did not seek review in the United States Supreme Court.

While Cooks's direct appeal was pending before the Court of Special Appeals, Cooks filed an Application for Review of Sentence pursuant to Title VIII of the Criminal Procedure Article and Maryland Rule 3-444 on June 28, 2006.  On December 20, 2006, a panel denied Cooks's Application.

On August 15, 2006, Cooks filed a Motion for Modification of Sentence.  On April 25, 2011, the court held a hearing on the Motion and modified Cooks's sentence from life imprisonment without the possibility of parole to life imprisonment.  On June 7, 2011, Cooks filed another Motion for Modification of Sentence.  The Motion asked the court to recommend that Cooks be transferred to the Patuxent Institution.  On June 28, 2011, the circuit court denied the Motion.

---

[2]  The Court takes judicial notice of filings in Cooks's state court proceedings pursuant to Federal Rule of Evidence 201(b)(2).

On February 4, 2013, Cooks filed a petition for post-conviction relief in state court. The circuit court denied the petition on August 5, 2014. On August 21, 2015, the Court of Special Appeals denied Cooks's application for leave to appeal the denial and issued its mandate on September 21, 2015. On September 14, 2015, Cooks filed this Petition.

## DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for *habeas* petitions challenging noncapital state court convictions. With exceptions not applicable to this case, the statute of limitations begins to run from the date on which the judgment in the petitioner's criminal case "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (2012). The direct review of Cooks's conviction ended on June 12, 2008, 90 days after the Court of Appeals refused to grant his petition for writ of certiorari, when the time for seeking review in the United States Supreme Court expired. *See Jimenez v. Quarterman*, 129 S. Ct. 681, 685-86 (2009) (holding that a state prisoner's conviction became final under § 2244(d)(1)(A) once the time for seeking certiorari review of the state court judgment expired); Sup. Ct. R. 13(1) (stating that "a petition for writ of certiorari to review a judgment in any case . . . entered by a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment"); Sup. Ct. R. 13(3) (stating that the "time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate"). Respondents contend that Cooks's Petition was filed outside the limitations period.

**I.     Statutory Tolling**

The one-year limitations period in § 2244(d) is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

claim is pending." 28 U.S.C. § 2244(d)(2). Cooks filed two Motions for Modification of Sentence. The first motion was decided on April 25, 2011; the second, on June 28, 2011. The United States Court of Appeals for the Fourth Circuit has yet to decide whether a motion for modification of sentence filed in a Maryland state court tolls the statute of limitations under § 2244(d). *Compare Wall v. Kholi*, 131 S. Ct. 1278, 1286-87 (2011) (holding that a motion to reduce sentence constituted a collateral attack on a conviction and tolled the statute of limitations under § 2244(d)); *with Tasker v. Maryland*, No. AW 11-CV-1869, 2013 WL 425040, at *7 (D. Md. Jan. 31, 2013) (distinguishing *Wall* and holding that a motion for modification or reduction of sentence filed in Maryland state court did not toll the § 2244(d) limitations period). The Court need not decide whether Cooks's Motions for Modification of Sentence tolled the statute of limitations. Cooks's most recent Motion for Modification of Sentence was denied on June 28, 2011, more than 19 months before Cooks filed his petition for post-conviction relief in state court. During this period, no state post-conviction or other collateral proceedings were pending, so there was no statutory tolling of the limitations period.

**II.     Equitable Tolling**

The limitations period of 28 U.S.C. § 2244 is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling only upon a showing (1) "that he has been pursuing his rights diligently," and (2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (citation omitted). Such tolling, however, is unusual. "[A]ny resort to equity must be reserved for those rare instances where— due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

4

Cooks acknowledges that the Petition is time-barred but states that he "didn't know about the law" and his trial counsel "never told [him] about it." Pet. at 9; Reply at 1. He assumed that he could file a federal *habeas* petition "after everything was done in the State." Reply at 1. However, neither Cooks's current *pro se* status nor his unfamiliarity with the law constitutes an "extraordinary circumstance" that prevented him from timely filing the Petition. *See Holland*, 560 U.S. at 649; *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.").

The fact that Cooks's trial attorney did not inform him about the statute of limitations for *habeas* petitions also does not equitably toll the limitations period. Cooks does not claim that he asked his trial attorney about the procedure for filing a *habeas* petition or that his attorney provided him with any misinformation about the deadline for doing so. *See Holland*, 560 U.S. at 651-52 (stating that attorney misconduct must be "egregious" to merit equitable tolling of the § 2244(d) limitations period and that "a garden variety claim of excusable neglect" does not justify equitable tolling) (internal quotation marks and citations omitted)); *Rouse v. Lee*, 339 F.3d 238, 246-251 (4th Cir. 2003) (holding that a miscalculation of the filing deadline by the petitioner's counsel did not present an extraordinary circumstance warranting equitable tolling); *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000) (same).

Accordingly, Cooks is not entitled to equitable tolling. The Petition is dismissed as time-barred under 28 U.S.C. § 2244(d).

### III.     Certificate of Appealability

Cooks does not have an absolute entitlement to appeal the Court's dismissal of his Petition. 28 U.S.C. § 2253(c)(1)(A). To appeal, Cooks must obtain a Certificate of Appealability ("COA"). *Id.* When, as here, a district court dismisses a petition solely on

procedural grounds, a COA "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Cooks does not satisfy this standard, so the Court declines to issue a COA.

Cooks may seek a COA from the United States Court of Appeals for the Fourth Circuit. *See* Fed. R. App. P. 22(b)(1) (stating that if a district judge denies a COA, a petitioner "may request a circuit judge to issue it"). Should Cooks wish to pursue his Petition with the Fourth Circuit, he may do so by following instructions set out by that court. Those instructions will be provided to Cooks by the Clerk.

## CONCLUSION

For the foregoing reasons, Cooks's Petition is DISMISSED as time-barred under 28 U.S.C. § 2244(d). A Certificate of Appealability shall not issue. The Clerk is directed to close the case. The Clerk is also directed to send a copy of this Memorandum Order and the Fourth Circuit's authorization packet to Cooks.

Date:  August 17, 2016                                  /s/
                                                       THEODORE D. CHUANG
                                                       United States District Judge